**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

**THOMAS UHLIG,**

**Plaintiff,**

v.                    4:11-cv-145

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the business and property of DARBY BANK & TRUST CO., DRAYPROP, LLC, DRAYPARK, LLC, MICHAEL BROWN, REUBEN CROLL, and MARLEY MANAGEMENT, INC.,**

**Defendants.**

## ORDER

Before the Court is Plaintiff Thomas Uhlig's ("Uhlig") motion for reconsideration of this Court's January 4, 2012 Order granting summary judgment in favor of Defendant Federal Deposit Insurance Corporation ("FDIC"). *See* Doc. 25.

The relevant facts are set forth in this Court's January 4, 2012 Order. *See* Doc. 24 at 1-2.

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). It is appropriate "only if the movant demonstrates that there has been an intervening change in the law, that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or that the court made a clear error of law." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Initially, the FDIC argues that Uhlig improperly raises a new legal argument in his motion for reconsideration. *See* Doc. 26 at 2. The FDIC cites cases from other districts in this circuit barring a litigant from raising new legal arguments in a motion to reconsider. *See id.* (citing cases from Northern District of Georgia and Southern District of Florida). The FDIC is correct that Uhlig's motion makes new legal arguments. Although the Court discerns wisdom in a rule forbidding new arguments, the Court need not consider such a resolution in this case because Uhlig's motion is meritless.

Uhlig avers that the Court erred in finding the doctrine espoused in *D'Oench, Duhme & Co. v. FDIC* and its statutory complement 12 U.S.C. § 1823(e) applicable to this case. *See* Doc. 25 at 1-2; *see also* 315 U.S. 447 (1942). Uhlig contends that *D'Oench* does not apply to free-standing tort claims that are unrelated to specific assets acquired by the FDIC. *See* Doc. 25 at 3. According to Uhlig, the Court did not consider whether Uhlig's claim was such a claim and thus whether *D'Oench* applied at all. *See id.* at 1-2.

Uhlig is correct that *D'Oench* "does not bar free-standing tort claims that are unrelated to any asset of the depository institution." *Bufman Org. v. FDIC*, 82 F.3d 1020, 1025 (11th Cir. 1996). "[T]he key inquiry is whether the tort claim is unrelated to a regular banking transaction. While a 'regular banking transaction' usually results in the acquisition of an asset, such as a note,

by the insured depository, a regular banking transaction can also create a liability in the bank." *Id.* (internal citation omitted). For example, *D'Oench* has been applied to both a letter of credit and a promise to extend a loan. *See, e.g., OPS Shopping Ctr., Inc. v. FDIC*, 992 F.2d 306, 309-11 (11th Cir. 1993); *Jackson v. FDIC*, 981 F.2d 730, 735 (5th Cir. 1992).

"One obvious indicia of relatedness would be whether the [conduct arguably falling under *D'Oench* involved] matters that would generally be reflected in the records of ordinary banking transactions." *In re Geri Zahn, Inc.*, 25 F.3d 1539, 1543-44 (11th Cir. 1994).

Uhlig deems it undisputed that his claims constitute free-standing tort claims. *See* Doc. 25 at 4. Uhlig believes that the FDIC's assertion that this case does not involve a loan made by Darby Bank constitutes an admission of *D'Oench*'s inapplicability. *See id.* at 4 n.2. Uhlig characterizes the Hill Letter, upon which Uhlig bases his claim, as an attempt "to induce potential buyers to purchase property in the Drayton Tower building from the developer and its agents," an effort that Uhlig understands as being unrelated to any regular banking transaction. *See id.* at 5.

Uhlig contorts the FDIC's assertion that this case does not involve a loan. *See* Doc. 17 at 2. Uhlig implicitly assumes that the genus "regular banking transactions" consists of only one species, actual loans. This assumption, however, is faulty. *See Bufman Org.*, 82 F.3d at 1025 (noting that "regular banking transactions" can result in both acquisitions of assets and assumptions of liability by a bank); *see also, e.g., OPS Shopping Ctr.*, 992 F.2d at 309 (letter of credit); *Jackson*, 981 F.2d at 735 (promise to make a loan).

The Hill Letter evinces, at most, a promise to make a loan or extend a line of credit. *OPS Shopping Center* and *Jackson* indicate that letters of credit and promises to make loans are regular banking transactions and that claims relating to these transactions are subject to *D'Oench*'s purview. Furthermore, one would expect a promise to make a loan to be reflected in the records of a bank's ordinary transactions, not in, for example, the records of the bank department that handled the sale or transfer of the bank's own stock. *See OPS Shopping Ctr.*, 992 F.2d at 309 (distinguishing case involving line of credit from *Vernon v. FDIC*, 981 F.2d 1230 (1993)).

The Court concludes that Uhlig's claims based upon the Hill Letter are related to a regular banking transaction. Accordingly, *D'Oench* applies.

Uhlig also attempts to relitigate the FDIC's motion for summary judgment. *See* Doc. 25 at 5. Uhlig identifies no intervening change in the law, new evidence, or manifest errors of law. After the FDIC identified the flaws in Uhlig's case, Uhlig failed to carry his burden of responding to the FDIC. *See* Doc. 24 at 3-4. For the reasons stated in this Court's Order granting the FDIC's motion for summary judgment, Uhlig's attempt to relitigate is meritless.

Accordingly, the Court **DENIES** Uhlig's motion for reconsideration.

## CONCLUSION

Uhlig's motion for reconsideration, *see* Doc. 25, is **DENIED**.

This 12th day of March 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA