UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THOMAS UHLIG,

Plaintiff,

v.  4:11-cv-145

DRAYPROP, LLC; DRAYPARK, LLC;
MICHAEL BROWN; REUBEN CROLL,
and MARLEY MANAGEMENT, INC.,

Defendants.

### ORDER

#### I. INTRODUCTION

Before the Court are Defendants' Motion for Summary Judgment as to Liability, ECF No. 41; Motion for Summary Judgment as to Plaintiff's Alleged Damages, ECF No. 50; and Motion to Exclude Testimony of Plaintiff's Expert Steve Adams. ECF No. 47. The Court, however, declines to exercise jurisdiction over plaintiff's claims and so *DISMISSES* this action.

#### II. BACKGROUND

This case began in Chatham County Superior Court when Thomas Uhlig brought suit against his lender, Darby Bank and Trust, and several companies involved in the redevelopment of Drayton Towers in Savannah, Georgia. *See* ECF No. 1-2 at 2. Uhlig purchased two condominiums in Drayton Towers from Restore Savannah, who in turn had purchased the condos from Drayprop. ECF No. 62. After the discovery of asbestos delayed Uhlig's planned renovations, he filed suit against Defendants asserting claims of negligent misrepresentation, breach of contract, negligence, and fraud. *See* ECF No. 1-3 at 69-72.

After Uhlig filed suit, Darby failed and the FDIC took over Darby's assets as receiver. The FDIC then moved for summary judgment in this case, claiming that the *D'Oench, Duhme*[1] doctrine precluded all Uhlig's claims against Darby. *See* ECF No. 16. This Court agreed and granted summary judgment in favor of the FDIC, dismissing all claims against the agency. ECF No. 24. At that point, and continuing to the present, the only remaining claims are state law claims against non-diverse defendants.

#### III. DISCUSSION

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). So, "[i]n light of the Court dismissing the only federal issue present in this case, the Court will now . . . examine whether it should exercise supplemental jurisdiction . . . over [Uhlig's] claims against the remaining Defendants." *Reinke v. Darby Bank & Trust Co.*, No. 4:11-cv-144, 2012 WL 1100669, at *6 (S.D. Ga. Mar 30, 2012).

28 U.S.C. § 1367(c) provides that courts "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it had original jurisdiction." This case landed in federal court solely because

---

[1] *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1942).

of the FDIC's involvement. *See* 12 U.S.C. § 1819(b)(2)(A) (stating that all suits with the FDIC as a party "shall be deemed to arise under the laws of the United States"); 28 U.S.C. §§ 1331, 1441. And now the FDIC is gone. All claims over which this Court had original jurisdiction therefore have been dismissed.

The Court, then, must consider whether it should decline to exercise supplemental jurisdiction. In making that decision, courts consider factors such as judicial economy, convenience, fairness, and comity. *See Reinke*, 2012 WL 1100669, at *6 (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994).

Looking at those factors here, the Court cannot find a reason to retain jurisdiction over this case. A case composed entirely of state law claims should be tried in a state court absent some other basis for federal jurisdiction, like diversity. Such an approach promotes comity and proper respect for state institutions, both principles that federal courts must always be mindful of. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 130 S. Ct. 2323, 2330 (2010) (noting that the comity doctrine "reflects a proper respect for state functions, a recognition of the fact that the entire county is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways.") (internal quotations omitted). By contrast, exercising supplemental jurisdiction here would not serve the development of Georgia law and would in essence simply give Chatham County Superior Court a one case breather.

### IV.   CONCLUSION

So, the Court declines to exercise its jurisdiction under § 1367(c) and instead **DISMISSES** Uhlig's complaint and the Defendants' three pending motions. The Clerk is **ORDERED** to close this case.

This 24 day of June 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2